## Commonwealth, to use of Stover, v. Stover.

*Recognizance—Increased order—Liability of surety.*

The surety upon a recognizance, given in the Court of Quarter Sessions to insure compliance with an order of the court for the payment of weekly sums to the defendant's wife for the support of herself and children, continues liable on the recognizance, notwithstanding the court subsequently made an order increasing the amount of the weekly payments.

*Scire facias sur* recognizance. C. P. Lebanon Co., March T., 1922, No. 163.

*Dawson W. Light,* for plaintiff; *Becker & Ehrgood,* for defendants.

HENRY, P. J.—A *scire facias* was issued upon a recognizance given by the defendants, taken in the Court of Quarter Sessions of this county in a non-support case. The answer admits the giving of the recognizance, but avers that the order of the court, to support which the recognizance was given, was to pay the sum of $7.50 per week "until the further order of the court which may be made in the premises;" and that the court, upon a subsequent hearing in the same case, made a further order by increasing the amount to be paid by the defendant to his family. The contention is that the recognizance was given to insure compliance with the order of the court only until the further order of the court, and that the subsequent order of the court discharged the recognizance. We cannot adopt this conclusion. It is quite true that in any new proceeding or for any increase of the original order the bail upon a recognizance would not be bound, but what was done was simply a modification of the original order, which, of course, would not bind the surety on the bond for any increase, but leaves him bound for the amount for which the recognizance was originally given. The true construction of the wording of the recognizance is that the parties thereto shall only be bound until the further order of the court upon the order as made, and not with respect to any order which does not affect the payment to be made under the original order.

This matter was argued as though a motion had been made for judgment for want of a sufficient affidavit of defence, but we find no such motion upon the record, and the case has been discussed as if such motion had been made. Upon presentation of the proper motion, the court will direct judgment to be entered in favor of the plaintiff.

From Dawson W. Light, Lebanon, Pa.